Craig A. Stokes – SBN 200848
STOKES LAW OFFICE LLP
P.O. Box 6909
San Antonio, TX 78209-0909
Direct (210) 742-2789
Office (210) 804-0011
Facsimile (210) 822-2595
cstokes@stokeslawoffice.com
*Attorneys for Plaintiff*
*Coast Citrus Distributors, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COAST CITRUS DISTRIBUTORS, INC. D/B/A OLYMPIC FRUIT & VEGETABLE, a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LOS ANGELES PRODUCE DISTRIBUTORS, LLC, a California limited liability company, MATTHEW CLARK, an Individual, SILO TECHNOLOGIES, INC., a foreign corporation, ASHTON M. BRAUN, an Individual, and DOES 1 THROUGH 20, each individually,<br><br>    Defendants. | Case No. 3:25-cv-00805<br><br>**PLAINTIFF'S CIVIL ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND TO ESTABLISH A COMMON FUND FOR THE BENEFIT OF SIMILARLY SITUATED CREDITORS** |

For its Civil Action Complaint, Plaintiff states as follows:

This suit is brought under the statutory trust created under the Perishable Agricultural

Commodities Act, 7 U.S.C. § 499 *et seq*. ("PACA") and its statutory trust found at 7 U.S.C.

§499e(c) (the "PACA Trust").

///

///

///

| | |
|---|---|
| Civil Action Complaint | Page 1 of 26 |

## THE PARTIES

1.    Plaintiff is Coast Citrus Distributors, Inc. d/b/a Olympic Fruit & Vegetable ("Plaintiff" and/or "Coast Citrus"), a California corporation with its principal place of business located at 7597 Bristow Court, San Diego, CA 92154.

2.    Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate and foreign commerce.  At all times relevant herein, Plaintiff was subject to and licensed under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a *et seq*.

3.    Defendants are:

a.    Los Angeles Produce Distributors, LLC.  Upon information and belief, Los Angeles Produce Distributors, LLC ("Company") is a limited liability company incorporated in the State of California with its principal place of business located at 1601 E Olympic Blvd., Los Angeles, CA 90021. At all times relevant to this action, Company:

i.    buys and sells wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in both interstate and foreign commerce.

ii.    operated, conducted, and otherwise was engaged in or carried on the business of buying and selling Produce in interstate or foreign commerce.

iii.    is and was the holder of license issued by the United States Department of Agriculture's Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (PACA), holding a PACA License No. 20170058 which the USDA issued to Company on or about October 18, 2016 and was active throughout Company's dealings with Plaintiff.

iv.    purchased or receive Produce in California from or on behalf of Plaintiff.

v.   sold Plaintiff's Produce in interstate commerce in wholesale quantities and in the ordinary course of its Produce-related business; and

vi.   upon information and belief, based on interactions between Plaintiff and Company, Company sold the Produce identified on Plaintiff's unpaid invoices to third parties and failed to use the proceeds of any such sales to pay Plaintiff.

b.   Matthew Clark, an individual, resident of California. Upon information and belief, Matthew Clark ("Clark") is or was an owner, officer, director, or shareholder of Company and in a position to exercise dominion and control over Company at all times relevant to this action and otherwise participated in the tortious conduct or other wrongs set forth herein. Clark is listed as a principal on Company's PACA license and as Chief Executive Officer on Company's California Secretary of State filings.

c.   Silo Technologies, Inc. Upon information and belief, Silo Technologies, Inc. ("Silo") is a Delaware corporation registered to do business in California with its principal place of business located at 149 New Montgomery Street, San Francisco, CA 94105.  At all times relevant to this action, Silo:

i.   was and is owned and operated by Ashton M. Braun.

ii.   was and is the holder of PACA License Number 20210463, which the USDA issued to Silo on or about February 11, 2021.

iii.   as a PACA licensee, Silo was and is a "dealer" of Produce as defined by PACA.

iv.   acted by and through its officers, managers, shareholders, and agents and otherwise participated in the tortious conduct or other wrongs set forth herein.

| Civil Action Complaint | Page 3 of 26 |

d.    Ashton M. Braun ("A. Braun"), a resident of the State of Nevada. Upon information and belief, A. Braun is the President of Silo, and in that capacity controlled or was in a position to control the assets of Silo. A. Braun is listed as a principal on Silo's PACA license and as Chief Financial Officer on Silo's California Secretary of State filings.

e.    There may be other defendant officers, directors, shareholders or persons in control of the assets of Company whose identity is unknown to Plaintiff which are designated as Does 1 through 20. This Complaint will be amended when their identities are known.

4.    At all times relevant hereto, Company was engaged in the business, directly or indirectly, of receiving in interstate or foreign commerce Produce for sale, on commission, or for or on behalf of another [*e.g.*, Plaintiff], and, therefore, a "commission merchant" as defined by PACA.

5.    At all times relevant hereto, Company was engaged in the business, directly or indirectly, of purchasing Produce from growers or others and distributing such Produce in commerce by resale or other methods, and therefore, a "shipper" of Produce as defined by PACA.

6.    At all times relevant hereto, Company acted or failed to act by and through its Principal, Clark.

7.    As a PACA licensee and commission merchant or dealer of Produce, the acts, omissions, or failures of its Principal, employees, or agents constitute acts, omissions, or failures of Company.

8.    Company has a substantial number of unpaid produce suppliers whose claims are believed by Plaintiff, to also be qualified for protections of the PACA Trust ("Qualified Unpaid PACA Trust Claimants"). These other claims are estimated to be approximately $4.4 Million.

Under relevant case law, Plaintiff cannot demand payment of more than its *pro rata* share of PACA Trust Assets to the detriment of the claims of Qualified Unpaid PACA Trust Claimants. By means of inclusion of an additional count in this matter, Plaintiff is seeking to create a common fund for the Qualified Unpaid PACA Trust Claimants beyond the PACA Trust Assets currently held by Company and to also include funds to be disgorged from Defendant Silo and Plaintiff seeks an award of common fund fees for such efforts.

## JURISDICTION AND VENUE

9.     The District Court has federal question subject matter jurisdiction over this civil action arising under 7 U.S.C. § 499e(b)(2) and 7 U.S.C. § 499e(c)(5) of the PACA, pursuant to 28 U.S.C. § 1331 and because this matter involves the interpretation of a federal statute.

10.     The acts of all Defendants, the subject of this suit, involve their purposeful contacts involving California. The causes of action asserted in this case arise from or relate to the acts committed by Defendants in California. As a result, this Court can assert *in personam* jurisdiction over any foreign Defendants in accordance with state and federal constitutional guarantees.

11.     Further, this Court has *in rem* jurisdiction over the assets upon which Plaintiff makes claims as such assets are part of the *res* of the statutory PACA Trust Assets held by or received by the Defendants. The Court has *quasi in rem* jurisdiction over all the controversies related to the possible assets of the PACA Trust in the possession of third parties and over claims against all persons who may have liability for dissipation of PACA Trust Assets.

12.     Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

| Civil Action Complaint | Page 5 of 26 |
| --- | --- |

Defendants Company, Matthew Clark have consented to venue in this District.

## FACTUAL ALLEGATIONS

13.     Between July 15, 2024, and August 27, 2024, Plaintiff sold to the Company, and Company purchased from Plaintiff, Produce having an aggregate value of $288,078.25, as reflected in the statements of account and representative invoices, attached as Exhibit A and incorporated herein by this reference.

14.     The Company accepted each load of Produce which corresponds to the invoice numbers listed on Exhibit A.

15.     The Company accepted each load of Produce stated in Exhibit A, in the State of California.

16.     The Plaintiff issued to the Company, and the Company received, the invoices listed in Exhibit A.

17.     The Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Company for which it remains unpaid.

18.     The Company failed to deliver good funds to the Plaintiff in the amount set forth in the invoices attached to Exhibit A, despite repeated demand from the Plaintiff.

**CLAIMS FOR RELIEF**
**COUNT I**
**COMPANY AND PRINCIPAL**
**ENFORCEMENT OF THE PACA TRUST**
**7   U.S.C. § 499e(c)(4)**

19.     Plaintiff re-alleges paragraphs 1 through 18 above as if stated herein.

20.     The Defendants are in possession, custody and control of all assets derived from the Company's sale of Produce (the "PACA Trust Assets") for the benefit of the Plaintiff and other similarly situated PACA trust beneficiaries.

| Civil Action Complaint | Page 6 of 26 |
|---|---|

21.     The Defendants failed to deliver to the Plaintiff sufficient funds from the PACA Trust Assets from the shipment of Produce as listed in Exhibit A.

22.     The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

23.     As a direct result of Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff suffered damages for unpaid invoices which are covered under the PACA trust in the current aggregate amount of $288,078.25, plus further interest at the contract rate of 1.5% per month and costs of collection, including attorney's fees.  Pursuant to California law, the interest rate is reduced to 10%.

24.     On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, the Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

**COUNT II**
**DEFENDANT COMPANY**
**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**
**7 U.S.C. § 499e(c)(5)**

25.     Plaintiff re-alleges paragraphs 1 through 24 above as if stated herein.

26.     Company is in possession, custody, and control of PACA Trust Assets for the benefit of Plaintiff.

27.     Company failed to pay Plaintiff for the shipments of Produce listed above at paragraph 13 from the PACA Trust Assets.

| Civil Action Complaint | Page 7 of 26 |
| --- | --- |

28.     As a direct result of Company' failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

29.     Plaintiff seeks the entry of an Order directing Company to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

**COUNT III**
**DEFENDANT COMPANY**
**VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA**
**TRUST ASSETS AND CREATION OF COMMON FUND**
**7 U.S.C. §499b(4)**

30.     Plaintiff re-alleges paragraphs 1 through 29 above as if stated herein.

31.     Company received each of the shipments of Produce identified in the above referenced paragraph 13.

32.     Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. § 499e(c)(4).

33.     PACA requires Company, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefits of Plaintiff and all other unpaid suppliers of Produce, if any such unpaid suppliers exist, until all suppliers have received full payment.

34.     Company has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims, including Plaintiff's asserted herein.

35.     As a direct result of Company's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages that are covered under the PACA trust in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

36. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Company to maintain PACA Trust Assets equal to the sum of $288,078.25, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Company to replenish the PACA trust to a level sufficient to satisfy all Qualified Unpaid PACA Trust Claimants, and enjoining Company from dissipating PACA Trust Assets.

### COUNT IV
### DEFENDANT COMPANY
### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

37. Plaintiff re-alleges paragraphs 1 through 36 as if stated herein.

38. Company received each of the shipments of Produce identified in the above paragraph 13.

39. PACA requires all commission merchants, dealers, and brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

40. Company failed to pay these invoices within the payment terms.

41. As a direct result of Company's failure to pay each invoice within the terms, Plaintiff has incurred damages in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

42. Plaintiff seeks entry of an Order directing Company to immediately pay Plaintiff the sum of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

///

///

| Civil Action Complaint | Page 9 of 26 |

## COUNT V
## DEFENDANT COMPANY
## BREACH OF CONTRACT

43.    Plaintiff re-alleges paragraphs 1 through 42 above as if stated herein.

44.    Plaintiff and Company entered into contracts wherein Plaintiff agreed to sell the Produce and Company agreed to purchase the Produce, each of which is described in paragraph 13.

45.    Company breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

46.    As a direct result of Company's breach of contract, Plaintiff has incurred damages in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

47.    Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Company in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees.

## COUNT VI
## INDIVIDUAL DEFENDANT CLARK
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

48.    Plaintiff re-alleges paragraphs 1 through 47 above as if stated herein.

49.    At all times relevant to this action, Clark was an officer, director, member, and/or shareholder of Company, and an individual in charge of its business undertakings and in a position to control the PACA Trust Assets of Company.

50.    At all times relevant to this action, Clark was engaged in the business of buying and/or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

Civil Action Complaint

51. At all times relevant to this action, Clark controlled and managed Company's operations and was in a position to control Company's financial dealings, including those involving PACA trust assets.

52. At all times relevant to this action, Clark had the authority to direct the payment of Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

53. At all times relevant to this action, Clark was authorized signatory on Company's bank account(s) and/ or otherwise had the power to and was in a position to direct the application or disposition of the PACA Trust Assets, including the funds in Company's bank accounts.

54. As officer, director, member, and/or shareholder of Company, Clark was and is PACA statutory trustee with a duty to safeguard the PACA Trust Assets of Company for the benefit of all sellers of the Produce to Company and was required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to Plaintiff and to Qualified Unpaid PACA Trust Claimants.

55. As an officer, director, member, and/or shareholder of Company, Clark was and is a PACA statutory trustee with a duty to ensure that Company performed all duties, express or implied, arising out of Company's undertakings in connection with the Produce transactions with Plaintiff and other Qualified Unpaid PACA Claimants, to Company, which undertakings included the duty to ensure that there were, at all times, sufficient trust assets available to satisfy all of Company's obligations to its unpaid Produce suppliers.

Civil Action Complaint

56.     As officer, director, member, and/or shareholder of Company, Clark knew of Company's failure to timely pay in full Plaintiff's unpaid invoices and to other Qualified Unpaid PACA Trust Claimants.

57.     As officer, director, member, and/or shareholder of Company, Clark was in a position to control the PACA Trust Assets and possessed the power necessary to counteract or obviate the decisions of Company to not to pay Plaintiff and to other Qualified Unpaid PACA Trust Claimants and to otherwise convert and dissipate the PACA Trust Assets.

58.     Because Clark controlled and/or was in a position to control Company, the Plaintiff's invoices and those of Qualified Unpaid PACA Trust Claimants have not been paid in full and promptly from PACA Trust Assets; Clark breached his fiduciary duty under the PACA trust.

59.     Clark continues to hold all PACA Trust Assets within his possession, custody, or control as trustee for Plaintiff's and to other Qualified Unpaid PACA Trust Claimants' beneficial interest in the PACA trust.

60.     Clark is personally liable to Plaintiff in the amount of $288,078.25, and to other Qualified Unpaid PACA Trust Claimants which liability is joint and several and non-dischargeable in bankruptcy, for the dissipation and/or conversion of the PACA Trust Assets; and which misconduct has directly, proximately, and as a natural result, caused Plaintiff and to other Qualified Unpaid PACA Trust Claimants to suffer compensatory damages plus pre-judgment interest, costs, all to be satisfied from Clark' assets.

**COUNT VII**
**INDIVIDUAL DEFENDANT CLARK**
**CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS**

61.     Plaintiff re-alleges paragraphs 1 through 60 above as if stated herein.

| Civil Action Complaint | Page 12 of 26 |
| --- | --- |

62. Upon information and belief, Company transferred PACA Trust Assets to its principal, Clark.

63. These transfers of PACA Trust Assets were made in breach of the PACA trust.

64. Clark continues to hold any and all PACA Trust Assets having come into his individual possession as trustee for Plaintiff's beneficial interest in the PACA trust.

65. As a direct result of Clark's receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, and attorney's fees, less any monies Plaintiff receives from the PACA Trust Assets.

66. Accordingly, Plaintiff seeks entry of an Order requiring Clark to disgorge and transfer any and all PACA Trust Assets that come into his possession and control to Plaintiff to the extent of $288,078.25, plus interest from the date each invoice became past due, costs, attorney's fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**COUNT VIII**
**INDIVIDUAL DEFENDANT CLARK**
**<u>FRAUDULENT TRANSFER</u>**

67. Plaintiff re-alleges paragraphs 1 through 66 above as if stated herein.

68. Upon information and belief, Company transferred PACA Trust Assets to Clark and to other unknown third parties.

69. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

70. These transfers were made to or for the benefit of insiders of Company on antecedent debts and were made without consideration.

| Civil Action Complaint | Page 13 of 26 |
|---|---|

71. Company was insolvent at the time of these transfers.

72. At the time of these transfers, the recipients had reasonable cause to believe that Company was insolvent.

73. Accordingly, Plaintiff seeks entry of an Order, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $288,078.25, plus interest from the date each invoice became past due, costs, attorney's fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust.

**COUNT IX**
**DEFENDANT SILO TECHNOLOGIES**
**RECEIPT OF PACA TRUST ASSETS**

74. Plaintiff re-alleges paragraphs 1 through 73 above as if stated herein.

75. Silo was and is engaged in the business of providing supply chain financing and cash flow solutions to buyers, sellers, growers, and shippers of food, including Produce, in interstate and foreign commerce.

76. In furtherance of Silo's business, Silo provided commercial lending services to Company, and many others.

77. Silo's loans to Company were for the agreed upon business purpose of supporting Company's farming project and to support the growth of Company's business operations.

78. Silo's commercial lending services included, *inter alia*, a program wherein Silo would lend money to Company in exchange for Company's agreement to repay the principal amount of the loan, plus agreed upon interest and fees, by and through Company's Produce-related accounts receivable.

Civil Action Complaint

79.     Silo secured its commercial loans to Company's via taking a security interest in and to Company's PACA Trust Assets (*e.g.*, Company's Produce-related accounts receivable to its customers and all proceeds related to said Produce sales).

80.     Silo's commercial loans to Company were not secured by real property. Since Silo became aware that Company was not maintaining PACA trust assets freely available to pay all qualified produce creditors, Silo has received PACA trust assets of Company.

81.     All assets of Defendant Company are presumptively PACA Trust Assets and rightfully belong to Company and other Qualified Unpaid PACA Trust Claimants.

82.     Defendant Silo had actual or constructive knowledge of the statutory trust under PACA and therefore had a continuing duty to Company and other Qualified Unpaid PACA Trust creditors.

83.     Defendant Silo knew or should have known that Company was experiencing severe financial difficulties and was not able to promptly pay promptly Company and other Qualified Unpaid PACA Trust creditors in full for purchases Produce, which failure to pay promptly is a violation of the PACA.

84.     Defendant Silo carelessly and negligently transferred PACA Trust Assets to its own use at times when it knew, or should have known, that such PACA Trust Assets were held in trust for the benefit of Company and other qualified PACA trust creditors.

85.     Defendant Silo's receipt and possession of the PACA Trust Assets rightfully belonging to Company and other qualified PACA trust beneficiaries was a violation of PACA.

86.     As a direct and proximate result of Defendant Silo's breach of its duty under the PACA to Company, Plaintiff suffered compensatory damages of $288,078.25, plus pre-judgment interest and costs.

| Civil Action Complaint | Page 15 of 26 |

## COUNT X
## DECLARATORY RELIEF:
## PRIORITY TO PACA TRUST ASSETS AGAINST SILO

87.    Plaintiff re-alleges paragraphs 1 through 86 above as if stated herein.

88.    All assets of Silo are presumptively PACA Trust Assets, and rightfully belong to Plaintiff Coast Citrus, Company, and other Qualified Unpaid PACA Trust creditors.

89.    Defendant Silo is an alleged secured creditor of Company with claims that are inferior and junior to Company's and other creditors.

90.    Defendant Company and its Principal, Clark, pledged, deposited, paid, and/or conveyed PACA Trust Assets to Silo, and said PACA Trust Assets are in the wrongful custody and control of Defendant Silo.

91.    Assets pledged, deposited and/or conveyed to, secured by, transferred to, or swept by Defendant Silo are assets which are a part of the statutory trust created pursuant to the PACA, and Plaintiff is a perfected beneficiary to those PACA Trust Assets.

92.    Defendant Silo received these PACA Trust Assets not "for value" and with actual or constructive knowledge of Plaintiff's PACA trust rights, notwithstanding any security interest Defendant Silo may have been granted in these PACA Trust Assets.

93.    Plaintiff seeks declaratory relief that it has priority above all other creditors, including Silo, to the PACA Trust Assets, and any proceeds derived from these PACA Trust Assets, including all monies deposited with, conveyed to, secured by, paid to, or swept by Silo, and an award of costs.

## COUNT XI
## BREACH OF THE PACA TRUST AGAINST SILO

94.    Plaintiff re-alleges paragraphs 1 through 93 above as if stated herein.

| Civil Action Complaint | Page 16 of 26 |
|---|---|

95.     All assets of Defendant Company are presumptively PACA Trust Assets and rightfully belong to Plaintiff.

96.     Silo had actual or constructive knowledge of the statutory trust under PACA and therefore has a continuing duty to Plaintiff not to accept PACA Trust Assets or to assist in the dissipation of PACA Trust Assets.

97.     Silo knew or should have known that Defendant Company was experiencing severe financial difficulties and was not able to pay promptly Plaintiff in full for the purchase of the Product, which nonpayment is a violation of the PACA.

98.     Silo, by its own actions, transferred PACA Trust Assets to its own use at times when it knew, or should have known, that such assets were held in trust for the benefit of Plaintiff. These actions violated the PACA and were done with knowledge that Defendant Company was in breach of the PACA trust. These intentional and/or negligent transfers of PACA Trust Assets were in breach of the PACA trust.

99.     Silo continues to hold all PACA Trust Assets having come into its possession as trustee of such Assets for the beneficial interest of Plaintiff in the PACA trust.

100.     Silo, in breach of its duty under the PACA and the PACA trust, has failed to maintain and to preserve Company's PACA Trust Assets for the benefit of Plaintiff, and has knowingly and/or negligently diverted and/or converted Company's assets, including the PACA trust res, to its own use.

101.     As a result of the foregoing, Plaintiff has suffered compensatory damages of $288,078.25, plus pre-judgment interest, and an award of costs and attorney's fees.

**COUNT XII**
**DISGORGEMENT OF PACA TRUST ASSETS AGAINST SILO**

102.     Plaintiff re-alleges paragraphs 1 through 101 above as if stated herein.

Civil Action Complaint

103.    All assets of Company are presumptively PACA Trust Assets and rightfully belong to Plaintiff and other Qualified Unpaid PACA Trust Creditors.

104.    Defendant Silo knew or should have known that Company was experiencing severe financial difficulties and was not able to pay promptly Plaintiff and other qualified PACA trust creditors in full, which is a violation of PACA.

105.    Defendant Silo, by its own actions, transferred PACA Trust Assets to its own use at times when it knew, or should have known, that such assets were held in trust for the benefit of Plaintiff and other Qualified Unpaid PACA Trust Claimants. These actions were violative of the PACA and were done with knowledge that Silo was in breach of the PACA trust.

106.    Defendant Silo's receipt and possession of these PACA Trust Assets rightfully belonging to Plaintiff and other Qualified Unpaid PACA Trust Claimants was a violation of PACA and was in breach of the PACA trust.

107.    Silo received PACA Trust Assets subject to Plaintiff's and other qualified PACA trust creditors PACA trust claims not "for value" and with actual or constructive knowledge of Plaintiff's and other qualified PACA trust creditors' PACA trust rights, notwithstanding any security interest Silo may have been granted in these assets by Company.

108.    Silo's receipt of assets impressed with Plaintiff's and other qualified PACA trust creditors' rights has caused Plaintiff and other qualified PACA trust creditors to incur compensatory damages.

109.    As a direct and proximate result of Defendant Silo's wrongful act, Plaintiff has suffered damages and is entitled to disgorgement of up to $288,078.25, plus pre-judgment interest and an award of costs.

///

Civil Action Complaint | Page 18 of 26

## COUNT XIII
## DECLARATORY JUDGMENT:
## PRIORITY OF PACA TRUST CLAIMS AGAINST ALL DEFENDANTS

110. Plaintiff re-alleges paragraphs 1 through 109 above, as if stated herein.

111. PACA trust claims are superior to and have priority as against any claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA Trust Assets to which Plaintiff is a beneficiary.

112. Plaintiff seeks an Order of this Court declaring that the PACA trust claims of Plaintiff and other qualified PACA trust creditors are superior to and have priority as against all claims which Defendants might assert to the PACA Trust Assets.

113. Any perfected security interest which Silo, might have in Company's accounts receivable, in the inventory or proceeds, or in any other PACA Trust Assets is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries, including Plaintiff and other qualified PACA trust creditors.

114. Plaintiff seeks a declaratory order and judgment establishing: (1) that the PACA Trust Assets never became property of Defendants (2) Plaintiff's and other qualified PACA trust creditors' trust claims under the PACA trust are superior to and take priority over any and all of Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof, and any other PACA Trust Assets; and (3) only funds in excess of the PACA Trust Assets necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, and/or possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. § 499(b)(4); 7 C.F.R. § 46.33.

///

Civil Action Complaint

Page 19 of 26

## COUNT XIV
### DEFENDANT SILO'S PRINCIPAL – ASHTON M. BRAUN
### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

115.    Plaintiff re-alleges paragraphs 1 through 114 above as if stated herein.

116.    At all times relevant to this action, Braun was an officer, director, shareholder or employee (the "Principal") of Silo.

117.    As the Principal of Silo, Braun had a duty to ensure that Silo fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

118.    Braun had full knowledge and responsibility for the handling of Silo's duties as trustee of the PACA trust.

119.    Braun controlled or had a duty to control Silo's operations and financial dealings, including those involving the PACA Trust Assets.

120.    Silo breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

121.    Braun breached his fiduciary duty to direct Silo to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Company.

122.    As a direct result of Braun's breach of fiduciary duty, Plaintiff has incurred damages in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorneys' fees.

123.    Braun is personally liable to Plaintiff for his breach of his fiduciary duty in dissipating the PACA trust to the extent of $288,078.25, plus interest from the date each invoice

Civil Action Complaint

became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

124.    Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Braun in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

**COUNT XV**
**DEFENDANT SILO'S PRINCIPAL – ASHTON M. BRAUN**
**CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS**

125.    Plaintiff re-alleges paragraphs 1 through 124 above as if stated herein.

126.    Upon information and belief, Silo transferred PACA Trust Assets to Braun.

127.    These transfers of PACA Trust Assets were made in breach of the PACA trust.

128.    Braun continues to hold all PACA Trust Assets having come into his possession as trustee for Plaintiff's beneficial interest in the PACA trust.

129.    As a direct result of Braun's receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

130.    Accordingly, Plaintiff seeks entry of an Order requiring Braun to disgorge and transfer any and all PACA Trust Assets that come into his possession and control to Plaintiff to the extent of $288,078.25, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

///

| Civil Action Complaint | Page 21 of 26 |

**COUNT XVI**
**ESTABLISHMENT OF A COMMON FUND**
**FOR ALL QUALIFIED UNPAID PACA TRUST CLAIMANTS AND FOR**
**ESTABLISHMENT OF A CLAIMS PROCEDURE ORDER**

131.    Plaintiff re-alleges paragraphs 1 through 130 above as if stated herein.

132.    As noted in paragraph 8 above, there are approximately $4.4 Million of Qualified Unpaid PACA Trust Claimants against Company. Plaintiff has been informed of this fact by counsel for Company. While the accounts receivable and other assets of Company are readily available to pay a small portion of the total PACA trust claims against Company, Qualified Unpaid PACA Trust Claimants and Plaintiff cannot be made whole without an action to bring additional assets into the PACA trust of Company. Only by means of a suit for disgorgement against Silo will sufficient assets be available to pay all Qualified Unpaid PACA Trust Claimants and Plaintiff. Plaintiff seeks the establishment of a claims procedure to identify and quantify all Qualified Unpaid PACA Trust Claimants and is pursuing this action to create a common fund by causing payment to that fund from the filing of suit against Silo. Separately, Plaintiff will file a motion to establish a claims procedure order to accomplish this result. Plaintiffs seek reasonable attorney's fees for establishing a common fund.

133.    Because relevant case authority prohibits Plaintiff from accepting payment of a judgment in excess of its *pro rata* portion of PACA Trust Assets recovered, Plaintiffs must seek a common fund to avoid the prohibition of a non-*pro rata* payment.

FOR THESE REASONS, Plaintiff respectfully requests the entry of an Order providing as follows:

A.  As to Count I, declaring that Plaintiff is a PACA trust beneficiary of Company with a valid PACA trust claim in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorney's fees.

| Civil Action Complaint | Page 22 of 26 |
| --- | --- |

B.  As to Count II, directing Company to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $288,078.25, plus interest from the date each invoice became past due, costs and attorney's fees.

C.  As to Count III, directing Company to maintain PACA Trust Assets equal to the sum of $288,078.25, plus the claims of all other unpaid suppliers of Produce that properly preserved its PACA Trust claims, enjoining Company from dissipating PACA Trust Assets and directing Company to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D.  As to Count IV, directing Company to immediately pay Plaintiff the sum of $288,078.25, plus interest from the date each invoice became past due, costs and attorney's fees;

E.  Enter Final Judgment in favor of Plaintiff and against Company on Counts I through V, in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorney's fees;

F.  As to Count VI, entering judgment in favor of Plaintiff and against Company's Principal, Clark – jointly and severally – in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorney's fees, less any monies Plaintiff receives from the PACA Trust Assets;

G.  As to Count VII for entry of an Order requiring Clark to disgorge and transfer any and all PACA Trust Assets that come into his possession and control to Plaintiff to the extent of $288,078.25, plus interest from the date each invoice became past due, costs, attorney's fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

| Civil Action Complaint | Page 23 of 26 |
| --- | --- |

H. As to Count VIII Plaintiff seeks entry of an Order, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $288,078.25, plus interest from the date each invoice became past due, costs, attorney's fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust; and such other and further relief as the Court deems just and proper.

I. As to Count IX, requiring Defendant Silo Technologies to disgorge and transfer any and all PACA Trust Assets that come into its possession and control to Plaintiff in the amount of $288,078.25, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

J. As to Count X declaring that Plaintiff has priority above all other creditors, including Silo, to the PACA Trust Assets, and any proceeds derived from these Assets, including all monies deposited with, conveyed to, secured by, paid to, or swept by Silo, and an award of costs.

K. As to Count XI and XII, entering an Order and a Judgment in favor of Plaintiff and against Silo as follows: (1) declaring all liens, security agreements, and secured interests and rights of Silo in and to the PACA Trust Assets of Silo (including funds received by Company through lending and financing) are subordinate and inferior to the rights of Intervenor Plaintiff's PACA trust claims (2) declaring that the assets pledged, deposited, conveyed to, paid to, secured to, transferred to, or swept by Company from Silo are priority PACA Trust Assets and that Silo's rights are subordinate and inferior to the priority and superior rights of the claims of Intervenor Plaintiff for an amount up to $288,078.25; (4) requiring Silo to immediately account

for and disgorge all PACA Trust Assets to Plaintiff in an amount up to $288,078.25 and (5) awarding costs and pre-judgment interest to Plaintiff.

L. As to Count XIII for a declaratory judgment of this Court with respect to the above transactions, decreeing the rights, duties and obligations of the parties consistent with Plaintiff's contentions that (1) the PACA Trust Assets never became property of Defendants; (2) that Plaintiff's and other qualified PACA trust creditors' trust claims under the PACA trust are superior to and take priority over any and all of Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof, and any other PACA Trust Assets; and (3) that only funds in excess of the PACA Trust Assets necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, and/or possibly subject to a third party's liens or claims, if such are established.

M. As to Count XIV for entry of an Order entering judgment in favor of Plaintiff and against Braun in the amount of $288,078.25, plus interest from the date each invoice became past due, costs and attorney's fees, less any monies Plaintiff receives from the PACA Trust Assets.

N. As to Count XV for entry of an Order requiring Braun to disgorge and transfer any and all PACA Trust Assets that come into his possession and control to Plaintiff to the extent of $288,078.25, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

O. As to Count XVI, directing Company to maintain PACA Trust Assets equal to the sum of $4.4 Million for the Plaintiff and for Qualified Unpaid PACA Trust Claimants plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, enjoining Company from dissipating PACA Trust Assets and directing Company to replenish the PACA

Civil Action Complaint

trust to a level sufficient to satisfy all qualified trust claims and creating a claims procedure to qualify the claims of Qualified Unpaid PACA Trust Claimants.

P.   Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Dated: January 23, 2025.                    **STOKES LAW OFFICE LLP**

By: */s/* Craig A. Stokes_____
Craig A. Stokes

*Attorneys for Plaintiff*
*Coast Citrus Distributors, Inc.*
*d/b/a Olympic Fruit & Vegetable*

Civil Action Complaint